UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:11-cv-338-RJC

| | |
|---|---|
| KENNETH HAMMOND, )<br>)<br>    Petitioner, )<br>)<br>    v. )<br>)<br>ALVIN KELLER, Supt., Brown Creek )<br>Correctional Institution, )<br>)<br>    Respondent. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of a Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus. (Doc. No. 1).

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

On June 16, 1980, the Superior Court of Union County sentenced Petitioner to a life sentence plus 25 to 35 years' imprisonment upon his conviction for kidnapping and rape. (Doc. No. 1 at 1). Petitioner appealed his case directly to the Supreme Court of North Carolina where the trial court's Judgment was affirmed upon a finding of "no error." North Carolina v. Hammonds, 301 N.C. 713, 717 (1981). The State Supreme Court's Order was filed January 6, 1981. Petitioner did not seek further direct review of his case. (Doc. No. 1 at 3).

Instead, after the passage of nearly 27 years, on December 14, 2008, Petitioner began filing post-conviction motions in the State trial and appellate courts, seeking to have updated DNA tests performed on the forensic evidence from his case. (Id. at 3-4). The trial court appointed an attorney to represent Petitioner; ultimately, however, all of his motions were denied. (Id.). Thereafter, on June 15, 2011, the Supreme Court of North Carolina denied

Petitioner's Petition for Writ of Certiorari. (Id. at 5).

On July 14, 2011, Petitioner filed the instant § 2254 Petition, arguing that the attorney who was appointed to represent him in his 2008 post-conviction proceedings failed to communicate with him or to obtain the requested DNA evidence. (Id.). By way of relief, Petitioner asks the Court to issue an Order directing the State court to produce the DNA evidence and/or to order his release from State custody. (Id. at 15).

## II. STANDARD OF REVIEW

Rule 4 directs habeas courts promptly to examine habeas petitions. Rules Governing § 2254 Cases, Rule 4, 28 U.S.C.A. foll. § 2254. When it plainly appears from any such petition and any attached exhibits that the petitioner is not entitled to relief, the reviewing court must dismiss the motion. Id. Following this directive, the Court has reviewed the instant Petition and determined that it must be dismissed as time-barred.

## III. DISCUSSION

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), effectively amending 28 U.S.C. § 2254 by imposing a one-year limitation period on habeas petitions as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by

the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

**(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

**(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1).

Here, in accordance with part (A), the time period for filing a 2254 petition starts running on the date when the judgment of conviction becomes final at the end of direct review. See id.; see also Clay v. United States, 537 U.S. 522, 527 (2003) (noting that convictions become final for AEDPA purposes at the expiration of the period during which direct review could have been sought). As outlined above, Petitioner sustained his conviction on June 16, 1980 and his direct appeal was denied on January 26, 1981. Because Petitioner did not seek any further direct review, under typical circumstances, his State Judgment would have become final at the expiration of the 90-day period during which he could have sought certiorari review in the United States Supreme Court. However, in Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998), the Fourth Circuit concluded that prisoners whose convictions became final before the enactment of AEDPA would have one year from AEDPA's enactment date of April 24, 1996, in which to file their federal habeas petitions. Id. at 375. Thus, in the absence of any intervening circumstance that extends the date from which Petitioner's one-year period is calculated or tolls that deadline, the instant Petition should have been filed no later than April 24, 1997.

Question 18 on the 2254 form-petition directs petitioners whose judgments of conviction became final more than one year ago to "explain why the one-year statute of limitations as

3

contained in 28 U.S.C. § 2254(d) does not bar [their] Petition." (Doc. No. 1 at 14, n *). In response to that question, Petitioner states that:

> this matter involves a post conviction issue. Where the Court appointed counsel represent[ed] Petitioner on a DNA matter in February 2009. The Petitioner's appointed attorney refused to communicate with the Petitioner, failed to obtain DNA Evidences [sic] for testing. The trial court failed to act on motion to assign other counsel to act in Petitioner's behalf[;] the Court of appeals and Superior Court, as well as [the] NC Supreme Court failed to act on Petitioner's Petition. This matter is timely. The Petitioner is actually innocen[t].[1]

(Id. at 14). Such explanation does not establish a basis under § 2254(d)(1) for starting Petitioner's one-year limitations period any later than April 24, 1996. Indeed, Petitioner does not allude to any recently removed, State-imposed impediment that prevented him from timely filing this Petition; he does not identify a newly recognized change in the law that can be applied to his case; nor does he point to the actual discovery of any new evidence that could not have been discovered by due diligence before now. Therefore, Petitioner's one year period limitations period must be calculated as having run for a year from April 24, 1996.

While AEDPA entitles a petitioner to have the period during which he pursued State collateral review excluded from his calculations, Petitioner's one-year limitations period expired long before he initiated his State collateral proceedings. Therefore, his 30-month period of State collateral review (from December 2008 through June 2011) came too late for it to have a favorable impact on the instant calculations. See Minter v. Beck, 230 F.3d 663 (4th Cir. 2000) (time period after case became final for purposes of direct appellate review but before initiation

---

[1] Because Petitioner responded to Question 18, no notice is required pursuant to Hill v. Braxton, 277 F.3d 701 (4th Cir. 2002). Moreover, the Court finds that Bilal v. North Carolina, 287 F. App'x 241 (4th Cir. 2008) is distinguishable. In Bilal, the Fourth Circuit concluded that the district court's sua sponte dismissal of the petitioner's § 2254 Petition was inappropriate, in part, because his response of "N/A" to question 18 on his form petition was ambiguous. Here, Petitioner did not respond "N/A" to question 18, nor is his response otherwise unclear.

4

of State collateral review is not tolled from one-year limitations period).

Petitioner's conclusory assertion that he is actually innocent does not warrant equitable tolling or any other exception to AEDPA's 1-year limitation. This bare allegation fails to sufficiently plead "that, in light of new evidence, it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." House v. Bell, 547 U.S. 518, 536-67 (2006) (discussing actual innocence exception to AEDPA's 1-year bar); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2004) (en banc) (equitable tolling applies "when, but only when, extraordinary circumstances beyond the petitioner's control prevented him from complying with the statutory time limit"). Petitioner, instead, pleads that his counsel was ineffective for failing to obtain evidence that might satisfy the above standard. Petitioner's petition must be dismissed as time-barred.

### IV.  CONCLUSION

Petitioner has failed to demonstrate that his Petition was timely filed or that the Court should allow his untimely Petition under principles of equitable tolling. Accordingly, the Petition will be dismissed.

**IT IS, THEREFORE, ORDERED that:**

1. Petitioner's Petition under 28 U.S.C. § 2254 for a Writ of Habeas Corpus (Doc. No. 1) is **DISMISSED** as untimely filed; and

2. Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 484-85 (2000) (in order to satisfy § 2253(c) when court denies relief on procedural grounds, a petitioner must demonstrate

both that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right).

Signed: November 29, 2011

Robert J. Conrad, Jr.
Chief United States District Judge